**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-CR-0103-001-CVE |
| | ) | (05-CV-0704-CVE-SAJ) |
| JOHN RAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 12, 2005, defendant John H. Raynor ("Raynor"), a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 110). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The government has filed a motion to dismiss (Dkt. # 128), because defendant's § 2255 motion does not provide any factual or legal support for his claims. Defendant did not file a response to the government's motion to dismiss.

**I.**

On July 10, 2002, Raynor was charged with one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) ("Count 1") and one count of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) ("Count 2"). Raynor and his brother, Leroy Raynor, were traveling through Oklahoma in a rental van when they were pulled over for failing to signal a lane change. The initial traffic stop lasted for 47 minutes. After the traffic stop was completed, the Oklahoma Highway Patrol trooper requested Raynor's consent to search

the van. Raynor agreed, and the trooper discovered two kilograms of cocaine and two guns in the vehicle. Raynor filed a motion to suppress challenging the validity of the initial traffic stop and the voluntariness of his consent. The Court denied his motion to suppress. Dkt. # 34. Leroy Raynor filed a second motion to suppress statements recorded by microphones in the Oklahoma Highway Patrol trooper's vehicle during the traffic stop. That motion was also denied. Dkt. # 74. Raynor entered a conditional plea of guilty to both counts of the indictment, but he reserved the right to appeal the Court's orders denying his motion to suppress. On April 28, 2003, the Court sentenced defendant to 51 months in prison as to Count 1 and 60 months as to Count 2. Under § 924(c)(1), the sentence for Count 2 ran consecutively to any sentence imposed in Count 1, and defendant's total sentence was 111 months.[1]

Defendant appealed his conviction to the Tenth Circuit Court of Appeals, challenging the denial of his motion to suppress evidence. On September 7, 2004, the Tenth Circuit affirmed the Court's denial of defendant's suppression motion. Dkt. # 107, at 11. On December 12, 2005, defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. His motion set forth three constitutional claims, but he did not provide any supporting facts or legal authority for his claims. He stated that his § 2255 motion was a "placeholder motion", Dkt. # 110, at 5, and he simultaneously sought leave to file an amended § 2255 motion clarifying his claims, Dkt. # 111. The Court granted defendant's motion to amend, and gave him 30 days to file an amended § 2255

---

[1] In his § 2255 motion, defendant states that his sentence is 120 months. Dkt. # 110, at 1. The Court has reviewed the judgment and confirmed that his sentence is actually 111 months.

2

motion. Dkt. # 126. However, defendant's deadline to file an amended § 2255 motion passed and he failed to file an amended motion.[2]

## II.

In his § 2255 motion, defendant challenges his conviction on the grounds that (1) he received ineffective assistance of counsel; (2) his conviction violated the 5th and 14th Amendments; and (3) police violated the Equal Protection Clause of the Constitution by engaging in racial profiling. Judgment and Commitment was entered on April 28, 2003, and defendant filed a direct appeal to the Tenth Circuit challenging his conviction and sentence. The Tenth Circuit denied his appeal on September 7, 2004, and his conviction became final on December 6, 2004, when the time for filing a petition of certiorari to the Supreme Court expired. United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). Defendant's § 2255 motion was filed on December 12, 2005, and it appears that his motion is untimely.

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> 
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the

---

[2] Defendant's deadline to file an amended § 2255 motion was April 30, 2007. At this time, defendant still has not filed an amended motion or sought an extension of time to file an amended motion.

> Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant argues that his claim is timely based on Clay v. United States, 537 U.S. 522 (2003). In Clay, the Supreme Court held that, when a defendant takes an unsuccessful direct appeal from a judgment of conviction, but does not petition for a writ of certiorari from the Supreme Court, the judgment becomes final, for purposes of determining the one-year time limitation for filing a § 2255 motion, on the date when the time for filing a petition for certiorari expires. Id. at 524. However, the time for filing a petition for certiorari begins when the Tenth Circuit issues its opinion, not when the mandate is received by the district court. See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."); United States v. Birch, 202 F.3d 1274, 1276 (10th Cir. 2002) (conviction becomes final if petition of certiorari is not filed within 90 days from entry of judgment by Tenth Circuit); United States v. Bridges, 189 F. Supp. 2d 1226, 1234-35 (D. Kan. 2002) (habeas petitions are timely if filed within 90 days of judgment "irrespective of date the mandate is issued").

Although this Court received the Tenth Circuit's mandate on October 5, 2004, this date is irrelevant when determining when the defendant's time for filing a petition of certiorari began. The Tenth Circuit's opinion was filed on September 7, 2004 and, under Sup. Ct. R. 13.3, defendant could have filed a petition for certiorari any time within 90 days after September 7, 2004. This means that defendant's conviction became final on December 6, 2004, and his one year statute of limitations to file a § 2255 motion expired on December 6, 2005. However, the Court notes that defendant's

motion was signed by defendant on November 30, 2005, or before the deadline. The Tenth Circuit has applied the prison mailbox rule to a federal inmate's filing of a § 2255 motion and, if the defendant utilizes the prison's legal mail system, the Court should look to the date of mailing rather than the date of filing to determine the timeliness of defendant's § 2255 motion. United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999). Although it is not clear if defendant used the prison's legal mail or first class mail, the Court will assume without deciding that defendant's motion was timely.

Even if the Court treats defendant's § 2255 motion as timely, he is not entitled to relief based on the claims asserted in the motion and the government's motion to dismiss should be granted. As noted above, defendant raises three constitutional claims without any factual or legal support. Defendant requested and was granted an opportunity to file an amended § 2255 motion, but he has not filed an amended motion. Although he characterizes his § 2255 motion as a "placeholder motion," the Court has given defendant a chance to clarify his claims and defendant failed to take advantage of this opportunity. The allegations of his § 2255 motion are insufficient to state a claim for relief because the Court would be required to speculate as to the substance of his constitutional claims to grant the relief he requests.[3] Even though defendant is proceeding pro se and the Court is construing his claims liberally, he still bears the "burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see

---

[3] The Court also notes that defendant's due process and racial profiling claims are procedurally barred, because he did not raise these issues on direct appeal. See United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."). However, the government has not raised the issue of procedural bar, and the Court will not rely on this as a basis to dismiss any of defendant's claims.

5

also <u>United States v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994) (dismissing § 2255 claims for lack of factual support).  Simply put, defendant's motion contains no factual allegations and his claims should be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss and Brief in Support (Dkt. # 128) is **granted**, and defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 110) is **dismissed**.  A separate judgment is entered herewith.

**DATED** this 6th day of February, 2008.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT